## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESIREE TINDLE | CIVIL ACTION NO. |
| Plaintiff | |
| v. | |
| ROSS STORES, INC., d/b/a ROSS DRESS FOR LESS and ROSS STORES PENNSYLVANIA, LP d/b/a ROSS DRESS FOR LESS AND ABC COMPANIES 1-111 | |
| Defendants | |

### NOTICE OF REMOVAL OF DEFENDANTS, ROSS STORES, INC., d/b/a ROSS DRESS FOR LESS and ROSS STORES PENNSYLVANIA, LP d/b/a ROSS DRESS FOR LESS

TO:   United States District Court for the Eastern District of Pennsylvania

Defendants, Ross Stores, Inc., d/b/a Ross Dress for Less and Ross Stores Pennsylvania, LP d/b/a Ross Dress for Less, by and through their attorneys, KIERNAN TREBACH, LLP, hereby file this Notice of Removal pursuant to 28 U.S.C. §1446(b), and in support thereof, aver as follows:

1.      On or about March 27, 2026, Plaintiff Desiree Tindle filed a Complaint in the Court of Common Pleas of Philadelphia County for an action captioned *Desiree Tindle vs. Ross Stores, Inc., d/b/a Ross Dress for Less and Ross Stores Pennsylvania, LP d/b/a Ross Dress for Less and ABC Companies I-III* , March Term, 2026, No. 4089.   A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A" and, without admitting the truth of the allegations contained therein, Defendants, Ross Stores, Inc. and Ross Stores Pennsylvania, LP incorporate by reference Plaintiff's Complaint as if fully stated herein.

2.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

3.      This is a civil suit and involves controversy between citizens of different states.

4.    Plaintiff, upon information and belief, was, at the time of the commencement of the above action, a citizen of the Commonwealth of Pennsylvania.

5.    Defendant, Ross Stores, Inc. is headquartered at 5120 Hacienda Drive, Dublin, California, 94568, and is a Delaware corporation.

6.    Ross Stores of Pennsylvania, LP is not a proper defendant in this matter and does not own nor operate the Ross Dress for Less store at issue.

7.    Further, Ross Stores of Pennsylvania, LP was dissolved in 2004 and cannot be served as it has no offices and no employees.  As a result, it has not been served in this case and any action against it is futile as it no longer exists and did not exist at the time of the incident at issue in this lawsuit.

8.    The limited and general partner of Ross Stores of Pennsylvania, LP also ceased to exist in 2004.  As a result, it is respectfully submitted that this entity should be disregarded as it does not exist.

9.    Ross Stores of Pennsylvania, LP does not do business as Ross Dress for Less and has no connection to any Ross Dress for Less stores as it was dissolved in 2004.  In fact, it is not part of the Ross Stores, Inc. corporate structure in any way.

10.    Defendants aver that the amount in controversy in this case is in excess of $75,000.

11.    A simple review of Plaintiff's Complaint confirms that the amount in controversy is in excess of $75,000.

12.    In fact, Plaintiff's Complaint, which is attached hereto as Exhibit "A", notes that Plaintiff demands judgment in her favor "in an amount in excess of $50,000."

13.    Furthermore, Plaintiff, Desiree Tindle claims that she injured her cervical spine as a result of the subject incident.

14.    Specifically, Plaintiff alleges that she sustained a cervical disc injury, cervical spondylosis as well as cervical radiculopathy as a result of the subject incident, in addition to "various other ills and injuries." (See Exhibit "A at ¶8").

15.    Plaintiff's Complaint also notes that she has spent large amount of money on medical care and medicine.

16.    Plaintiff also avers that she has suffered a loss of earnings.  (See Exhibit "A at ¶11").

17.    Finally, Plaintiff claims that she is continuing to "suffer great pain and suffering" with "mental and physical traumatic anxiety reaction" and has been deprived of life's pleasures, along with embarrassment and humiliation.  (See Exhibit "A at ¶9").

18.    The above described Civil Action is one in which this Honorable Court has original jurisdiction pursuant to Tile 28 United States Code Section 1332 based upon the fact that there exists diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.00, exclusive of interests and costs, and is accordingly one which may be removed to this Honorable Court by Notice pursuant to Title 28, United States Code, Section. 1441.

19.    As noted above, removal of this case is proper as 28 U.S.C. § 1441 (a) and (b) noted that removal is appropriate if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

20.    Promptly after filing this Notice of Removal in this Honorable Court, a copy of this Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, in accordance with 28 United States Code, Section 1446(d).

21.    Copies of all process, pleadings and orders served upon defendants as of the time of this removal are attached hereto in accordance with 28 United States Code, Section 1446(a).

22.    Defendants have contemporaneously with the filing of this Notice of Removal given written notice to Plaintiff's counsel.

**WHEREFORE**, based on the foregoing, Defendants, respectfully request that this action, currently docketed in the Court of Common Pleas of Philadelphia County be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

KIERNAN TREBACH LLP

BY: _____

ELIZABETH A. CHALIK, ESQUIRE
*Attorney for Defendants*

Dated: May 15, 2026

4

## CERTIFICATION OF SERVICE

I, Elizabeth A. Chalik, Esquire, hereby certify that I caused to be served a true and correct copy of the foregoing Notice of Removal upon counsel for all parties to this action at the address below via electronic mail:

James A. Wells, Esquire
GAY. CHACKER & GINSBURG, P.C.
1731 Spring Garden Street
Philadelphia, PA 19130
Counsel for Plaintiff

KIERNAN TREBACH LLP

BY: _____
ELIZABETH A. CHALIK, ESQUIRE
*Attorney for Defendants*

Dated: May 15, 2026

# Exhibit "A"

**GAY, CHACKER & GINSBURG, P.C.**
BY: James A. Wells, Esquire
Identification No.: 72941
1731 Spring Garden Street
Philadelphia, PA 19130
Tel: (215) 567-7955
Fax: (215) 567-6809
james@gayandchacker.com

ATTORNEYS FOR PLAINTIFF



Filed and Attested by the
Office of Judicial Records
27 MAR 2026 03:10 pm
B. BALILONTS

| | |
|---|---|
| DESIREE TINDLE<br>100 E. Glenolden Ave.<br>Apt. U16<br>Glenolden, PA 19036<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ROSS STORES, INC. d/b/a<br>ROSS DRESS FOR LESS<br>c/o CT Corporation System<br>1635 Market Street<br>Philadelphia, PA 19103<br>　　　and<br>ROSS STORES PENNSYLVANIA,<br>LP d/b/a ROSS DRESS FOR LESS<br>523 South McDade Blvd.<br>Holmes, PA 19043<br>　　　and<br>ABC COMPANIES I-III<br><br>　　　　　　Defendant. | COURT OFCOMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>NOVEMBER TERM, 2020<br><br>NO.: |

### NOTICE TO DEFEND

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.
YOU SHOULD TAKE THIS PAPER TO YOUR

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estat demandas expuestas las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su personá. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificatión. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puese perder dinero o sus propiedades u ostros derechos importantes para usted.
LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO

Case ID: 260304089

LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.
PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
ONE READING CENTER
PHILADELPHIA, PA 19107
TELEPHONE: (215) 238-1701

TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEPHONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.
ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Información Legal
One Reading Center
Filadelfia, Pennsylvania 19107
Telephono: (215) 238-1701

Case ID: 260304089

**GAY, CHACKER & GINSBURG, P.C.**
BY: James A. Wells, Esquire
Identification No.: 72941
1731 Spring Garden Street
Philadelphia, PA 19130
Tel: (215) 567-7955
Fax: (215) 567-6809
james@gayandchacker.com

ATTORNEYS FOR PLAINTIFF

---

DESIREE TINDLE
100 E. Glenolden Ave.
Apt. U16
Glenolden, PA 19036

                Plaintiff,
v.

ROSS STORES, INC. d/b/a
ROSS DRESS FOR LESS
c/o CT Corporation System
1635 Market Street
Philadelphia, PA 19103
      and
ROSS STORES PENNSYLVANIA,
LP d/b/a ROSS DRESS FOR LESS
523 South McDade Blvd.
Holmes, PA 19043
      and
ABC COMPANIES I-III

              Defendants.

COURT OFCOMMON PLEAS
PHILADELPHIA COUNTY

NOVEMBER TERM, 2020

NO.:

---

## COMPLAINT

Plaintiff, Desiree Tindle ("Ms. Tindle") by and through her attorneys, Gay, Chacker & Ginsburg, P.C., hereby files the following Complaint in Civil Action against Defendants Ross Stores, Inc. d/b/a Ross Dress for Less, Ross Stores Pennsylvania, LP d/b/a Ross Dress for Less (collectively "the Ross defendants") and ABC Companies I-III ("ABC defendants"):

1.    Ms. Tindle is an adult individual residing at the above captioned address.

Case ID: 260304089

2.     At all relevant times, the Ross defendants were corporations, limited partnerships, or other business entities registered to do business and doing business in the Commonwealth of Pennsylvania with the above-captioned addresses for service of process.

3.     The Ross defendants regularly conduct business in Philadelphia County.

4.     The ABC defendants are unknown business entities that owned, operated, controlled, possessed, maintained, managed and/or were otherwise responsible for the care, control and/or safety of the premises as defined herein and who have not been identified despite reasonable investigation.  The ABC defendants are designated as fictitious parties and plaintiff will file a Motion to Amend the Complaint, in accordance with Pa.R.C.P. 2005(c) and 1033, upon identifying the actual name of the defendant or defendants.

5.     At all material times, the Ross defendants and the ABC defendants owned, operated, controlled, possessed, maintained, managed and/or was otherwise responsible for the care, control and/or safety of the Ross Dress for Less retail store located at 523 South McDade Blvd. Holmes, PA 19043 ("the premises").

4.     On or about April 3, 2024 at approximately 6:40 p.m., Ms. Tindle was lawfully on the premises as a business invitee.

5.     Defendant owed Ms. Tindle the highest duty of care as a business invitee, to provide premises safe and free of hazardous conditions that it knew or, through reasonable inspection, should have known existed upon its premises.

6.     At the aforementioned time and location, Ms. Tindle was caused to fall to the ground striking her hands and knees due to a puddle of water or other slippery substance that was on the floor, causing injuries and damages to Ms. Tindle, as more fully set forth at length below.

Case ID: 260304089

7.    The dangerous condition was caused by defendants and/or their agents, servants, workmen, and/or employees and allowed to remain by defendant and/or their agents, servants, workmen, and/or employees and existed for a sufficient period of time such that defendant knew, or in the exercise of reasonable care, should have known of its existence, and the danger it created for members of the public, including business invitees such as Ms. Tindle.

8.    Ms. Tindle sustained severe and permanent injuries, which include, but are not limited to, cervical disc injury, cervicalgia, cervical radiculopathy, cervical spondylosis, and various other ills and injuries.

9.    As a direct and proximate result of the conduct of defendant, Ms. Tindle has and will continue to suffer in the future great pain and suffering with mental and physical traumatic anxiety reaction, nervousness, and other psychological and emotional disorders as well as disfigurement, depriving her of life's pleasures together with great embarrassment and humiliation.

10.    As a direct and proximate result of the conduct of defendants, Ms. Tindle has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

11.    As a direct and proximate result of the conduct of defendants, Ms. Tindle has and will in the future be unable to attend or perform her usual daily duties, activities and occupation all to her great detriment and loss.

## COUNT I
### Coleen Ruch v. Defendants

12.    Plaintiff incorporate by reference paragraphs 1 through 11 herein as if set forth at length below.

Case ID: 260304089

13.     Ms. Tindle's fall and resulting injuries were caused by the negligence and/or carelessness of the defendant, acting through their agents, employees, servants and workmen, which consists without limitation of the following:

(a) Failing to maintain the walkway/aisle in a manner in which would protect and safeguard persons lawfully walking on their premises;

(b) Failing to properly design, construct, maintain and/or repair the premises, floors, aisles and/or walkways over which invitees are likely to travel rendering the premises safe;

(c) Permitting the aforesaid area to become a nuisance, snare, and trap for persons lawfully in said area;

(d) Failing to inspect the aforesaid area and ascertain the hazardous condition which existed and/or was maintained by defendant;

(e) Failing to install a warning or other safety device at the premises;

(f) Failing to barricade and/or block-off the defective and/or dangerous area of the premises;

(e) Failing to keep the walkway/aisle on their premises free of defects and slipping hazards; and

(f) Failing to maintain a safe pathway for persons, including business invites, lawfully walking thereon.

16.     This accident resulted solely from the negligence of defendants and was not caused by any act or failure to act on the part of Ms. Tindle.

WHEREFORE, plaintiff, Desiree Tindle, demands damages against defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus interest and costs and any

Case ID: 260304089

other relief that the Court deems appropriate.

GAY, CHACKER & GINSBURG, P.C.

James A. Wells, Esquire
1731 Spring Garden Street
Philadelphia, PA 19130-3915
Phone: (215) 567-7955
Fax: (215) 567-6809

Date:   March 27, 2026

**Attorneys for plaintiff**
**Desiree Tindle**

Case ID: 260304089

## VERIFICATION

I, James A. Wells, Esquire, hereby verify that I am attorney for the plaintiff in the above matter and that I am authorized to make this verification on plaintiff's behalf. I verify the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief based upon information provided to me. This verification is made subject to the penalties of 18 P.S. § 4904 relation to unsworn falsifications to authorities.


_____
JAMES A. WELLS, ESQUIRE

6

Case ID: 260304089